[Civil No. 2166.   Filed October 6, 1924.]

[229 Pac. 96.]

PETER JOHNSON and CHRIS JOHNSON Individually and as Copartners, Trading Under the Firm Name and Style of SANITARY FRUIT & PRODUCE COMPANY, Appellants, v. BRAY & COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—JUDGMENT SUPPORTED BY COMPETENT EVIDENCE NOT DISTURBED.—Judgment supported by competent evidence will not be disturbed.

2. SALES—THAT TITLE WAS NOT TO PASS UNTIL ARRIVAL AT DESTINATION HELD NOT AVAILABLE AS DEFENSE.—Where in action for price of melons, buyer offered no evidence that melons upon being delivered were not as represented, evidence indicating title was to pass upon arriving at destination was not available defense.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Affirmed.

Messrs. Elliott & Swenson and Mr. George F. Senner, for Appellants.

Messrs. Foster & Foster, for Appellee.

---

2.  See 24 R. C. L. 90, 100.
    See 4 C. J. 878; 35 Cyc. 539 (1926 Anno.).

LYMAN, J.—This is an action to recover the purchase price of a carload of watermelons shipped from Texas to Miami, Arizona.

The evidence is brief. Negotiations for purchase and sale of the melons were carried on over the telephone between El Paso, Texas, and Miami, Arizona. The testimony as to what was said in the course of the conversation differs radically. If the appellee's version be accepted, the talk resulted in a sale of the goods, but if the testimony of the appellants be believed then there was no sale. Later in the day appellants notified the appellee by telegraph not to ship the melons, but the car had already gone, so the appellee testifies.

Appellants assert that judgment is not supported by the evidence, and if their testimony is credited that claim is fully justified. There is, however, undoubtedly competent evidence which supports the judgment. Beyond that it is not the duty of this court to look. What conclusion we might have reached upon the same state of facts is of no consequence.

The complaint appears to have been predicated upon the theory that title to the goods passed to the appellants while they were still in El Paso. The appellants assert that the evidence indicates that delivery was to be made at Miami, where, if at all, the melons became the property of the appellants. Whether or not that view is correct, it is not a defense available to appellants. No evidence was introduced or offered tending to show that the melons were not as represented when they arrived in Miami.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.